IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC.<br>8001 Forbes Place<br>Suite 202<br>Springfield, VA  22151<br><br>and<br><br>GUN OWNERS FOUNDATION<br>8001 Forbes Place<br>Suite 202<br>Springfield, VA  22151<br><br>  Plaintiffs,<br><br>  v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION<br>935 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20535-0001<br><br>  Defendant. | Civil No._____ |

## **COMPLAINT**

Come now Gun Owners of America, Inc. and Gun Owners Foundation ("Plaintiffs"), by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the disclosure and release of agency records improperly withheld from Plaintiffs by Defendant Federal Bureau of Investigation ("FBI").

### **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

**PARTIES**

4. Plaintiff Gun Owners of America, Inc. ("GOA") is a California non-stock corporation with its principal place of business in Springfield, Virginia. Gun Owners of America is organized and operated as a non-profit membership organization, exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. Gun Owners of America seeks to promote social welfare through informing and educating the public on, and conducting activities in defense of, the Second Amendment and the right to keep and bear arms.

5. Plaintiff Gun Owners Foundation ("GOF") is a Virginia nonstock corporation, organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the Internal Revenue Code.

6. Defendant Federal Bureau of Investigation ("FBI") is a law enforcement bureau within the U.S. Department of Justice, a department of the United States Government, and is headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535-0001. Defendant has possession, custody, and control of records to which Plaintiffs seek access.

**STATEMENT OF FACTS**

7. On April 28, 2021, Plaintiffs submitted a FOIA request to the FBI ("2021 FOIA"), seeking records related to covert monitoring of firearm sales by Americans who are eligible to purchase and possess firearms. That FOIA resulted in records produced by the FBI in May of 2021, which subsequently garnered significant attention from the media and from Congress.

8. On September 8, 2023, Plaintiffs submitted a follow-up FOIA request to the FBI ("2023 FOIA"), seeking (i) records that the FBI had improperly failed to produce in response to Plaintiffs 2021 FOIA, along with (ii) bringing current Plaintiffs' request for records of this secret government program. Specifically, Plaintiffs sought:

    (a) records showing **_ALL_** government entities, federal, state, or local, which have sought NICS Monitoring, whether or not such monitoring actually has been approved or performed, within the 24-month period preceding this request (we do not seek records that already have been provided by the FBI, or by the ATF in case 21-cv-2919); and

    (b) records demonstrating the **_COMPLETE_** number of **_ALL_** individuals currently being "monitored" by the program as of the date you begin to process this request, and records demonstrating the number of persons who have been "monitored" within the 12-month period preceding this request (the FBI's prior provision of charts showing **_only_** ATF and FBI requests for monitoring is not sufficient).

A true and correct copy is attached as Exhibit 1.

9. On September 18, 2023, Defendant FBI sent an acknowledgement and assigned the 2023 FOIA Request No. 1495550-001. A true and correct copy is attached as Exhibit 2.

10. No documents for Request No. 1495550-001 have been produced by the FBI.

11. On April 4, 2024, Plaintiffs submitted a third FOIA to FBI ("2024 FOIA"), to again bring current their request for records, this time seeking:

    (a) records showing **_ALL_** government entities, federal, state, or local, which have sought NICS Monitoring (whether or not such monitoring actually has been approved or performed) from September 8, 2023 until the date you begin to process this request; and

    (b) records demonstrating the **_COMPLETE_** number of **_ALL_** individuals

        (1) *currently* being "monitored" by the program as of the date you begin to process this request; and

        (2) records demonstrating the number of persons who *have been* "monitored" from September 8, 2023 until the date you begin to process this request.

A true and correct copy is attached as Exhibit 3.

12. The FBI has failed to acknowledge this 2024 FOIA.

13. However, on April 10, 2024, the FBI sent an update for Plaintiffs' 2023 FOIA, claiming to be "searching for, retrieving, scanning, and evaluating files that may be responsive to the FOIPA." A true and correct copy is attached as Exhibit 4.

14. The FBI has yet to provide any responsive records or otherwise claim any exemption to either the 2023 FOIA request or the 2024 FOIA request.

15. Since Defendant FBI has not alleged that "unusual circumstances" exist pursuant to 5 U.S.C. § 552(a)(4)(A)(viii)(II), and has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiffs are deemed to have fully exhausted any and all administrative remedies with respect to their 2023 and 2024 FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

16. Plaintiffs are nonprofit organizations seeking information with which to inform and educate the public about the workings of government. Release of the records requested is in the public interest.

17. As of the date of this Complaint, the FBI has failed to: (i) to fully comply with the statutory requirements with respect to Plaintiffs' FOIA request; and (ii) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. §552)

18. Plaintiffs reallege the preceding paragraphs as if fully stated herein.

19. Defendant FBI is unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. §552.

20. Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiffs' FOIA requests, and Plaintiffs will continue to be irreparably harmed unless and until Defendant FBI is compelled to conform its conduct to the requirements of the law.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(1) Order Defendant to conduct a search for records responsive to Plaintiffs' FOIA requests and demonstrate that it has employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiffs' FOIA requests;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA requests, and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA requests;

(4) Grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: May 3, 2024.

Respectfully Submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
(DC District Court Bar # MS0009)
STAMBOULIEH LAW, PLLC
P.O. Box 428
Olive Branch, MS 38654
601-852-3440 (telephone)
Stephen@sdslaw.us

Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com