UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Civil Action No. 24-1301 (ACR) |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT
TO PRODUCE PERPETUALLY "REFERRED" RECORDS**

Plaintiffs Gun Owners of America, Inc. ("GOA") and Gun Owners Foundation ("GOF"), by and through undersigned counsel, hereby move this Court for an order requiring Defendant Federal Bureau of Investigation to produce to Plaintiffs, within 30 days, the non-exempt portions of all documents in this Freedom of Information Act litigation which Defendant claims to have processed but then "referred" to other government agencies for purported consultation. Over the course of Defendant's 12 monthly document productions so far, Defendant has referred for outside agency consultation 5,482 of 6,000 pages – or *91 percent* of all processed records. And once referred, not a single one of these records has made it out of this "consultation" black hole. Nor has Defendant been willing to provide any sort of timeframe for when these records might ever be produced. In other words, the vast majority of records responsive to Plaintiffs' FOIA request is now stuck in indefinite bureaucratic limbo of Defendant's own creation.

This Court should "[]not give [Defendant] carte blanche to let the consultation process play out without any time restraints." *NPR v. Dep't of Treasury*, 2021 U.S. Dist. LEXIS 90170, at *5 (D.D.C. Mar. 31, 2021). Because Defendant "is ultimately responsible for processing responsive

1

records in its custody and control at the time of the FOIA request," Plaintiffs request that this Court hold Defendant to its FOIA obligations. *Plunkett v. DOJ*, 924 F. Supp. 2d 289, 305 (D.D.C. 2013).

## BACKGROUND

Plaintiffs GOA and GOF are Second Amendment advocacy organizations that research and report news affecting gun owners. This case arises from FOIA requests Plaintiffs submitted to Defendant in 2023 and 2024, seeking "records related to covert monitoring of firearm sales by Americans who are eligible to purchase and possess firearms." ECF #1 ¶7. Specifically, Plaintiffs sought records revealing the number of government entities utilizing Defendant's monitoring program and the number of individuals surveilled thereunder. *Id.* ¶¶8, 11. When Defendant failed to respond to Plaintiffs' requests within the statutory timeframe, Plaintiffs brought this FOIA action to compel production.

Since then, Defendant has begun reviewing some "15,200 pages of potentially responsive records," at a rate of "500 pages per month." ECF #14 at 1. But with each of Defendant's productions thus far, few (often *zero*) records actually make it into Plaintiffs' hands. As Defendant explains, "[d]ocuments were located which originated with, or contained information concerning, Other Government Agencies [OGAs]. We are consulting with the other agencies and are awaiting their response." *Id*. at 2. But these unaccountable consultations are proceeding at a glacial pace – not a single page has ever been returned. And to make matters worse, Defendant has referred almost every one of the potentially responsive records – 5,482 of 6,000 pages and counting.

## ARGUMENT

The recipient of a FOIA request "is ultimately responsible for processing responsive records in its custody and control at the time of the FOIA request." *Plunkett v. DOJ*, 924 F. Supp. 2d 289, 305 (D.D.C. 2013). And an agency "'is not absolved of its obligations under FOIA' to

timely produce the requested records solely because it has 'refer[red] the documents elsewhere' for consultation." *NPR v. Dep't of Treasury*, 2021 U.S. Dist. LEXIS 90170, at *6 (D.D.C. Mar. 31, 2021) (alteration in original). Indeed, a "referral of records could constitute an improper withholding if the 'net effect [of the referral procedure] is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them.'" *Plunkett*, 924 F. Supp. 2d at 305 (alteration in original).

That is precisely the case here. After a full year of production with a 91-percent referral rate and a 0-percent return rate, Defendant has evaded its statutory responsibility to produce Plaintiffs' requested documents. Such a "'withholding' … will be deemed 'improper' unless the agency can offer a reasonable explanation for its procedure." *See also McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983). Here, Defendant has not even begun to explain its failure to produce documents. Rather, Defendant has refused to tell Plaintiffs where (to what other agencies) these documents have been referred, and has refused to provide any sort of timetable for their return. Defendant has simply declared that the documents are out for "consultation" and will be produced if and when that indeterminate process is ever complete.

Thus, "to foreclose the possibility of further unnecessary delay in this case," this Court should "order release of these documents" that Defendant continues to wrongly withhold from Plaintiffs. *Paisley v. CIA*, 712 F.2d 686, 691-92 (D.C. Cir. 1983).

| Dated: October 1, 2025 | Respectfully submitted, |
|---|---|
| Robert Jeffrey Olson<br>D.C. Bar # 1029318<br>WILLIAM J. OLSON, PC<br>370 Maple Avenue West Suite 4<br>Vienna, VA 22180<br>(703) 356-5070<br>Rob@wjopc.com<br>*Counsel for Plaintiffs* | */s/ Stephen D. Stamboulieh*<br>Stephen D. Stamboulieh<br>D.C. Bar # MS0009<br>STAMBOULIEH LAW, PLLC<br>P.O. Box 428<br>Olive Branch, MS 38654<br>(601) 852-3440<br>Stephen@sdslaw.us |

## **CERTIFICATE OF SERVICE**

I, Stephen D. Stamboulieh, hereby certify that on October 1, 2025, I have caused the foregoing document or pleading to be filed with this Court's CM/ECF system which generated a notice and delivered the document to all counsel of record.

*By: Stephen D. Stamboulieh*
Stephen D. Stamboulieh
