UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Civil Action No. 24-1301 (ACR) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Defendant Federal Bureau of Investigation ("Defendant" or the "FBI") respectfully submits this Opposition to Plaintiffs' Motion to Compel, ECF No. 16, in this Freedom of Information Act ("FOIA") matter.[1] Because the FBI continues to diligently process the potentially responsive material collected in this matter, the Court should deny Plaintiffs' motion.

## BACKGROUND

Plaintiffs Gun Owners of America, Inc., and Gun Owners Foundation initiated this litigation on May 3, 2024, seeking relief in connection with three FOIA requests seeking records "showing [all] government entities, federal, state, or local, which have sought [National Instant Background Check System firearm sales monitoring] and records "demonstrating the [complete] number of [all] individuals currently being 'monitored'" over the period 2021 to the date FBI began processing the request. *See* Compl. ¶¶ 7–11. In the November 2024 Joint Status Report filed in this matter, the FBI advised that it had completed its search for potentially responsive records, identifying over 15,000 pages requiring review, and that it began rolling monthly releases to Plaintiffs. Jt. Status Rep. ECF No. 11 ¶ 1 (Nov. 26, 2024). The FBI continues to review the potentially responsive material at a rate of approximately 500 pages per month.

As reported in the parties' November 2025 Joint Status Report, Defendant has sent approximately 5,482 pages to other government agencies for consultation. ECF No. 17 ¶ 2. In correspondence between the parties' counsel in June and September 2025, Defendant explained to Plaintiff that while the FBI is periodically receiving certain consultation pages back from some of the consulting agencies, for any given document sent to multiple agencies for consultation, the FBI

---

[1] Defendant's Opposition to Plaintiffs' October 1, 2025 motion originally was due on October 15, 2025, which fell during the recent lapse in appropriations. This Opposition is filed pursuant to Standing Order No. 25-59, *In re: Extension of Deadlines in Civil Matters Involving the United States Following Restoration of Appropriations* (Nov. 13, 2025).

must wait until every agency returns each document before the FBI can coordinate the various consults on the document and process any responsive, non-exempt material from those pages for release.[2] *See* Ex. A (email correspondence between parties' counsel); *see also* 28 C.F.R. § 16.4(d) (Department of Justice FOIA regulation setting forth procedures for consultation with other government offices). Defendant most recently followed up with the consulting agencies regarding the status of the consultation pages on November 19, 2025. Jt. Status Report, ECF No. 17 ¶ 2. Defendant is continuing its review of the approximately 8,500 remaining potentially responsive pages. *Id.* ¶¶ 1, 3.

## ARGUMENT

The Court should deny Plaintiffs' motion to compel the release of records in consultation with other government offices. As the D.C. Circuit explained in *McGehee v. CIA*, 697 F.2d 1095 (D.C. Cir. 1983), a district court should compel "disclosure of [records] only if they were 'improperly withheld'" by the agency, *id.* at 1110 (citing *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); 5 U.S.C. §§ 552(a)(4)(B))). Here, Defendant is not improperly withholding records; the FBI is ensuring other government offices with equities in the potentially responsive records have an opportunity to review the records and weigh in on their releasability, in accordance with 28 C.F.R. § 16.4(d).

---

[2]  For example, if the FBI located an FBI record discussing Bureau of Alcohol, Tobacco, and Firearms ("ATF") equities or located an ATF record in its files that both agencies agreed to process as a consultation, then the FBI would send the record to ATF for consultation; ATF would make any redactions necessary and return the record to the FBI; the FBI would implement any ATF redactions as well as any FBI redactions; and then the FBI would respond to the requester. Any given record may involve consultations to multiple other government offices. That is, a single record may include information from or implicate the equities of multiple other government offices. To avoid introducing inefficiencies to the consultation process, the FBI awaits the return of all consultations from each agency reviewing a particular record before finalizing the record.

The record shows that since October 2024, the FBI has steadily continued to review the over 15,000 pages of potentially responsive records at a rate of 500 pages per month and has released in whole or in part over 300 pages of records not subject to consultation. *See* Jt. Status Reports, ECF Nos. 11–15 & 17 (identifying number of pages reviewed and released since October 2024).[3] Defendant's review of the potentially responsive records is steadily ongoing, with approximately 8,500 pages remaining to be reviewed by the FBI. *See id.*

Moreover, the FBI has kept Plaintiffs apprised of the number of pages sent for consultation to other agencies with every release; provided the total number of agencies that have received consultations; and explained that the FBI must await each consult to be returned on any given document before the FBI can process the record for release. *See* Pls.' Mot. at 2; Ex. A. And while the FBI does not control the pace of the other agencies' review of records sent to them for consultation, the FBI continues to contact the consulting agencies with outstanding pages in an effort to obtain their return.

On this record, which shows that Defendant is diligently processing Plaintiffs' FOIA request while complying with its obligations under 28 C.F.R. § 16.4, an order requiring Defendant to release outstanding consultation pages would be premature. *See generally Protect Democracy Project, Inc. v. Nat'l Sec. Agency*, Civ. A. No. 17-1000 (CKK) (D.D.C. Apr. 16, 2018) ("The Court observes that it is strongly disinclined to resolve portions of this Freedom of Information Act case on a piecemeal basis prior to completion of all processing and production."); Min. Order, *Leopold v. Dep't of Homeland Sec.*, Civ. A. No. 21-0545 (TJK) (D.D.C. Mar. 6, 2023) (similar); Min. Order, *James Madison Project v. CIA*, Civ. A. No. 19-0609 (BAH) (D.D.C. Dec. 13, 2022)

---

[3]  As explained in the parties' November 2025 Joint Status Report, the FBI did not issue a release in October 2025 due to the recent lapse in appropriations.

(similar); Min. Order, *Bader Family Found v. Dep't of Educ.*, Civ. A. No. 21-1741 (DLF) (D.D.C. Oct. 26, 2022) (similar); *Louise Trauma Ctr. LLC v. Dep't of Homeland Sec.*, Civ. A. No. 20-1128 (TNM), 2022 WL 1081097, at *2 (D.D.C. Apr. 11, 2022) (similar); Min. Order, *Brown v. Dep't of State*, Civ. A. No. 15-1459 (CKK) (Jan. 12, 2018) (similar); Min. Order, *Accuracy in Media, Inc. v. Dep't of Def.*, Civ. A. No. 14-1589 (EGS) (D.D.C. June 23, 2015) (similar). The Court should therefore deny Plaintiffs' Motion to Compel.

\* \* \*

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion to Compel. A proposed order is enclosed.

Dated: December 8, 2025
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   */s/ Tabitha Bartholomew*
      TABITHA BARTHOLOMEW,
        D.C. Bar #1044448
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-2529
      Tabitha.Bartholomew@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Civil Action No. 24-1301 (ACR) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Plaintiffs' Motion to Compel, ECF No. 16, and the entire record herein, it is hereby

ORDERED that Plaintiffs' motion is DENIED.

SO ORDERED:

_____             _____
Date                                                ANA C. REYES
                                                    United States District Judge